UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

JOSE GALVEZ, ELIGIO HERNANDEZ,
DOUGLAS LUND, DONALD A. MORRIS, and         :    MEMORANDUM AND ORDER
WILLIAM SCHAFER,                            :    09-cv-4493 (WFK) (AKT)

                Plaintiffs,

        -against-

ASPEN CORPORATION and/or ASPEN
IRRIGATION INC. and/or MANAGEMENT
CONSULTING LABORERS and any related
corporate entities, DONALD ADKINS, RONALD
ADKINS, and THE CINCINNATI INSURANCE
COMPANY,

                Defendants.

-------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge**

On July 18, 2013, United States Magistrate Judge Kathleen Tomlinson issued a report and recommendation recommending that this Court deny a motion by Plaintiffs' counsel to enforce a charging lien upon Defendants pursuant to New York Judiciary Law § 475. Dkt. No. 42. For the reasons set forth below, Magistrate Judge Tomlinson's report and recommendation is ADOPTED in its entirety. Accordingly, the Court DENIES the motion by Plaintiffs' counsel to enforce a charging lien upon Defendants pursuant to New York Judiciary Law § 475.

The facts in this action are meticulously detailed in Magistrate Judge Tomlinson's report and recommendation, and will not be restated here. *See id.* Neither party has objected to the report and recommendation.

A district court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also McGrigs v. Killian*, No. 08 Civ. 6238, 2009 WL 3762201, at *2 (S.D.N.Y. Nov. 10, 2009) (Berman, J.). Under 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, parties may object to a magistrate judge's report and recommendation. The objections must be "specific" and "written," and they must be made "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

Where, as here, a party does not object to a report and recommendation, "a district court need only satisfy itself that there is no clear error on the face of the record." *Reyes v. Mantello*, No. 00 Civ. 8936, 2003 WL 76997, at *1 (S.D.N.Y. Jan. 9, 2003) (Cote, J.); *see also Eisenberg v. New England Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (Marrero, J.) ("A district court evaluating a Magistrate Judge's report and recommendation may adopt those portions of the . . . report to which no 'specific written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." (quoting Fed. R. Civ. P. 72(b)(2)). In addition, a party's "failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision." *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).Moreover, in this case, the report and recommendation explicitly stated that "[p]ursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections," and that

2

"[f]ailure to file objections will result in a waiver of those objections for purposes of appeal. Dkt. No. 42 at 21–21.

No objections to Magistrate Tomlinson's report and recommendation have been filed. Accordingly, this Court has reviewed the report and recommendation for clear error only.

Magistrate Judge Tomlinson's report thoroughly reviewed existing case law on the right of an attorney to enforce a charging lien pursuant to New York Judiciary Law § 475. *See id.* at 11–21. That statute provides:

> From the commencement of an action, special or other proceeding in any court or before any state, municipal or federal department, except a department of labor . . . the attorney who appears for a party has a lien upon his or her client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, award, settlement, judgment or final order in his or her client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien.

N.Y. Judiciary Law § 475. Based on a close review of the language of this statute and relevant case law, Magistrate Judge Tomlinson concluded the following factors require denial of counsel's request in this case: (1) the parties in this action and the related New York State Department of Labor ("NYDOL") action are not identical; (2) counsel for Plaintiffs in this action did not appear as attorney of record in the NYSDOL action, nor do any of the limited exceptions to that requirement apply here; (3) counsel for Plaintiffs was aware of the risk that the NYSDOL could obtain a recovery prior to any judgment in the instant action; (4) New York Judiciary Law § 475 does not apply to NYSDOL proceedings; and (5) counsel for Plaintiffs failed to demonstrate the NYSDOL settlement was obtained as a result of their efforts. Dkt. No. 42 at 12–20. This Court finds no clear error in this analysis, or in the report and recommendation overall.

3

For the foregoing reasons, this Court ADOPTS Magistrate Judge Tomlinson's report and recommendation in its entirety, and therefore DENIES the motion by Plaintiffs' counsel to enforce a charging lien pursuant to New York Judiciary Law § 475.

**SO ORDERED**

Dated: Brooklyn, New York
       August 23, 2013

                                                  s/WFK

                                        HON. WILLIAM F. KUNTZ, II
                                        United States District Judge